[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11861
Non-Argument Calendar
_____

D. C. Docket No. 00-01872-CV-HS-S

W.R. HUFF ASSET MANAGEMENT CO.,
as investment advisor and as attorney in fact on
behalf of certain Beneficial Owners of 10 1/2%
Senior Subordinated Notes,

Plaintiff-Appellant,

versus

KOHLBERG, KRAVIS, ROBERTS,
KKR ASSOCIATES LP,
KKR PARTNERS II LP,
CRIMSON ASSOCIATES LP,
ROBINSON HUMPHREY CO., INC.,
a Delaware corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 11, 2006)

Before ANDERSON and BARKETT Circuit Judges, and STROM,[*] District Judge.

PER CURIAM:

W.R. Huff Asset Management Co., LLC ("Huff") appeals from the dismissal of Huff's Third Amended Complaint and denial of leave to file a Fourth Amended Complaint against Kohlberg Kravis Roberts & Co. and various related entities (collectively, "KKR").[1]

## BACKGROUND

This case originated in the Circuit Court of Jefferson County, Alabama, in August 1999, when Huff filed an action against KKR on behalf of certain beneficial owners of 10½% senior subordinated notes issued by Bruno's ("Notes"), a supermarket chain owner. In the original complaint and its amended successors, Huff repeatedly asserted Alabama state law claims for fraudulent transfer, breach of fiduciary duty, aiding and abetting, and conspiracy. Thereafter, the case had long and torturous procedural history, which gives rise to the present appeal.[2]

---

[*] Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[1] These related entities were affiliated entities of Kohlberg Kravis Roberts, certain individuals who were partners in Kohlberg Kravis Roberts and officers and/or directors of Bruno's, Inc., and two companies that rendered opinions for Bruno's.

[2] In the seven years since the case was originally filed, it has come before five federal judges and a variety of state judges. In its wandering travels, the case has encountered two bankruptcy courts and the Alabama Supreme Court, and numerous motions for dismissal and reconsideration.

During this extended odyssey, Huff has filed three amended complaints and sought leave to file a fourth. The main issue in the case pertained to whether the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p and 78 bb(f) ("SLUSA"), preempts Huff's state law claims. Any federal claims Huff might have had against KKR expired before Huff filed its first action in August 1999, due to the three-year statute of repose then set forth in SLUSA. *See* 15 U.S.C. § 78r(c).[3]

After much litigation pertaining to amended complaints, bankruptcy, and the preemptive effect of SLUSA, Huff filed a Third Amended Complaint, again asserting only state law claims, which Huff argued were outside the ambit of SLUSA. KKR moved to strike the Third Amended Complaint on the grounds that it failed to adhere to a previous order entered by Judge Karon Bowdre on October 22, 2002, which dismissed Huff's Second Amended Complaint and granted Huff leave to "assert any applicable federal claims it may have under SLUSA." Huff v. Kohlberg Kravis & Roberts, 234 F. Supp. 2d 1218, 1227 (M.D. Ala 2002). Judge Bowdre then on December 12, 2002 issued an order setting a briefing schedule on the Third Amended Complaint, noting the existence of an "issue of law, namely whether the Notes in Question are 'covered securities' so that the claims involving those Notes are preempted by the Securities Litigation Uniform Standards Act."

---

[3] That period was amended in 2002 to extend the statute of repose period to five years, *see* 28 U.S.C. § 1658(b)(i)(2), but Huff concedes that this amendment does not apply here.

Briefing on the Third Amended Complaint was completed on April 7, 2003. But in April 2005, before the court had ruled on the Third Amended Complaint, Huff sought leave to file a Fourth Amended Complaint decreasing the number of plaintiffs to 46 noteholder clients. This amendment would arguably have removed Huff's claims from the reach of SLUSA, since SLUSA only governs actions filed by 50 or more plaintiffs. 15 U.S.C. §§ 77p(f)(2)(A)(i)(I),(II).

Judge Virginia Emerson Hopkins, to whom the case had then been assigned, denied Huff's proposed amendment on February 7, 2006, and simultaneously struck Huff's Third Amended Complaint. Judge Hopkins held that the state law claims in Huff's Fourth Amended Complaint violated Judge Bowdre's October 22 order, were untimely, and that it would be "unduly burdensome on KKR and a waste of judicial resources for the court to continue to entertain Huff's attempts to avoid the reach of SLUSA."[4] Judge Hopkins explicitly reserved decision on whether the proposed Fourth Amended Complaint would fall within the reach of SLUSA and, just as Judge Bowdre had, granted Huff leave to amend in order to "assert any applicable federal claims it may have under SLUSA." Reiterating that it recognized that it had no such claims, Huff instead moved for reconsideration of

---

[4] The district court also found that "Huff's assertion that it is not the real party in interest to this action" represented simply a "desire to change its tactics" and "not a sufficient justification for a substitution of parties" under Federal Rule of Civil Procedure 17. It is unclear whether the district court intended this as a separate ground for denying leave to amend.

4

Judge Hopkins' and Judge Bowdre's orders. The motion was denied, the case dismissed with prejudice, and this appeal followed.

From this long procedural history, four issues arise on appeal. Huff argues that: (1) the district court abused its discretion in denying Huff's Motion to File a Fourth Amended Complaint; (2) the district court erred as a matter of law in striking Huff's Third Amended Complaint; (3) the district court abused its discretion in denying Huff's motion to reconsider the district court's 2002 Order finding that Huff's case was a "covered class action"; and (4) the district court erred as a matter of law in dismissing the case "with prejudice." We hold that the district court's reasons for denying the motion to file the Fourth Amended Complaint constitute an abuse of discretion. Because that complaint, if allowed, would supersede all prior complaints, we need not reach the final three questions here.

The district court denied Huff's motion for leave to amend on essentially three grounds[5]: (1) the proposed Fourth Amended Complaint contravened Judge Bowdre's October 22 order granting leave to amend in order to plead federal causes of action; (2) it would be "unduly burdensome on KKR" and a waste of

_____

[5] At oral argument before this Court, KKR argued that the Fourth Amended Complaint should be dismissed on other grounds, such as futility and preemption. Because these arguments were not developed and district court did not rely on them, we express no opinion as to their ability.

judicial resources; and (3) Huff's proposed amendment was "untimely." We address each in turn, noting that "leave to amend should be liberally granted when necessary in the interest of justice," Fed. R. Civ. P. 15(a), and that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).[6]

The first ground on which the district court relied was that "Huff's proposed Fourth Amended Complaint is improper in light of the Court's holding that SLUSA preempts the state law claims Huff is attempting to assert in the complaint." The "holding" to which the court referred was Judge Bowdre's October 2002 Order, which granted Huff leave to plead any federal causes of action arising under SLUSA. Judge Bowdre's order, however, limited Huff to federal claims only if Huff elected to pursue its case based on SLUSA-defined "covered securities." This order cannot be interpreted to preclude all state law claims. Indeed, Judge Bowdre recognized the possibility of existing state law claims when on December 12, 2002, she directed the filing of briefs addressing the "issue of law, ... whether the Notes in question are 'covered securities' so that the

---

[6] We review a denial of a motion to amend for abuse of discretion. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). However, "a district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996).

claims involving those Notes are preempted by the Securities Litigation Uniform Standards Act." The Fourth Amended Complaint would reduce the number of plaintiffs below fifty, thus apparently eliminating any question of whether the case involved "covered securities." This would thus remove it from the reach of the federal securities laws and from the ambit of Judge Bowdre's order. The district court committed an error of law in misinterpreting that order. Its denial of leave to amend based on that error was an abuse of discretion. Koon, 518 U.S. at 100.

The second reason on which the district court relied was that it would be "unduly burdensome on KKR and a waste of judicial resources for the court to continue to entertain Huff's attempts to avoid the reach of SLUSA." This holding was apparently based on the court's flawed reading of Judge Bowdre's order, and its correspondingly erroneous conclusion that the Fourth Amended Complaint would be "exclusively comprised of barred claims." As explained above, the Fourth Amended Complaint contained claims that were not "barred" by Judge Bowdre's order. Moreover, we perceive no undue burden on KKR when the litigation – though long-lived – had not yet progressed beyond the pleading stage. There has been no discovery, nor a trial date set, and the claims presented in the new complaint do not differ in substance from those raised previously. Nor can we perceive a "waste of judicial resources" where no federal judges have yet

7

considered the substance of Huff's complaints against KKR, nor has any judge found the Third or Fourth Amended Complaints to be preempted by SLUSA.

The third reason offered by the district court was the "untimely" nature of the motion to amend. This, too, is an insufficient reason to deny the motion. Although this case has had an undeniably long procedural history, the delays to which it has been subject have generally been no fault of Huff's. The removals to bankruptcy court, for example, and corresponding stays were beyond Huff's control. The "passage of time, without anything more, is an insufficient reason to deny leave to amend." Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1490 (11th Cir. 1989) (citation omitted), rev'd on other grounds, 499 U.S. 530 (1991); see also Bryant, 252 F.3d at 1164-65 (where "the district court did not give any reason, other than the mere passage of time, to support its conclusion that allowing the plaintiffs to amend their complaint would prejudice the defendant" the court "should have allowed the plaintiffs to amend their complaint."). Moreover, the district court still had not ruled on that Complaint two years later when Huff moved for leave to file a Fourth Amended Complaint.[7]

---

[7] While the Third Amended Complaint was pending, parallel litigation in the Alabama state courts ("Huff II") eventually reached the Alabama Supreme Court, which ruled in April 2004 that Huff's state law claims against certain underwriters and accountants involved in the Notes' issuance were preempted by SLUSA. BT Secs. Corp. v. W.R. Huff Asset Mgmt Co., 891 So. 2d 310, 315-17 (Ala. 2004). After the United States Supreme Court denied certiorari in Huff II, Huff moved for leave to file a Fourth Amended Complaint, before the district court had ruled on Huff's Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, we VACATE the district court's denial of Huff's motion for leave to file a fourth amended complaint, and REMAND for further proceedings consistent with this opinion.