07-0651-cv
Price v. Marsh USA Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2006

Submitted: May 15, 2007                    Decided: July 6, 2007)

Docket No. 07-0651-cv

- - - - - - - - - - - - - - - - - - - - - - - - - -
ANDREW N. PRICE, E. JAMES DROLLETTE, JOHN A.
SULLIVAN, JR., ANTHONY VON ELBE, CHAMPLAIN
ENTERPRISES, INC.,
          Plaintiffs-Appellees,


                    v.


J&H MARSH & McLENNAN, INC.,
          Defendant-Third-Party-
          Plaintiff-Appellant.
- - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, MINER and KATZMANN, Circuit Judges.

     Motion to dismiss appeal from remand order for lack of appellate

jurisdiction.

     Motion granted.

                         Jonathan P. Wolfert, Kaplan, Thomashower &
                           Landau LLP, New York, N.Y., submitted
                           papers on behalf of Defendant-Third-Party-
                           Plaintiff-Appellant.

                         Douglas C. Pierson, Pierson Wadhams Quinn
                           Yates & Coffrin, Burlington, VT, submitted
                           papers on behalf of Plaintiffs-Appellees.

JON O. NEWMAN, Circuit Judge.

This appeal primarily concerns the issue of the appealability of an order remanding a removed action to state court. Specifically, we must decide whether we have appellate jurisdiction to review (1) a remand order based on the conclusion that joinder of a plaintiff destroyed subject matter jurisdiction and (2) the ruling that permitted joinder of a plaintiff after removal. The Defendant-Appellant, J&H Marsh & McLennan, Inc. ("Marsh"), appeals from the January 25, 2007, order of the District Court for the District of Vermont (J. Garvan Murtha, District Judge), permitting joinder of a nondiverse plaintiff and remanding the case to the state court for lack of subject matter jurisdiction. The Plaintiffs-Appellees, Andrew N. Price ("Price"), Champlain Enterprises ("Champlain"), and other individuals, have moved to dismiss the appeal on the ground that 28 U.S.C. § 1447(d) bars appellate review of the remand order. Applying the Supreme Court's recent opinion in Powerex Corp. v. Reliant Energy Services, Inc., 127 S. Ct. 2411 (2007), we agree that section 1447(d) bars appellate review of the remand order, and we also conclude that the collateral order doctrine does not authorize review of the District Court's joinder ruling. We therefore dismiss the appeal.

## Background

The District Court's opinion recites the following undisputed

-2-

facts. See Price v. Marsh USA, Inc., No. 1:03 CV 292, 2007 WL 294082, at *1 (D. Vt. Jan. 25, 2007).

This action arises out of a directors and officers liability insurance policy issued by the Third-Party Defendant, Chubb Custom Insurance Co. ("Chubb") to Champlain, a New York corporation. Defendant Marsh, also a New York corporation, was Champlain's insurance broker and helped procure the policy for Champlain. Champlain filed a claim under the policy in connection with an employee lawsuit, but Chubb denied the claim. In response, Champlain filed an action for coverage against Chubb in the U.S. District Court for the Northern District of New York, but the action was dismissed.

After the unsuccessful action against Chubb, Champlain purported to assign any claims it had against Marsh, the insurance broker, to Price, Champlain's president. Price was a resident of Vermont. Price then filed an action against Marsh in Vermont Superior Court alleging that Marsh had "breached the applicable standard of care of a prudent insurance broker by failing to use reasonable care and diligence in the procurement of . . . [c]overage with prior acts." Marsh removed the case to federal court on the basis of diversity of citizenship. Marsh later filed a third-party complaint against Chubb.

Several years later, Price filed a motion to amend the complaint

to join Champlain as a plaintiff.  At the same time, Marsh filed a motion for summary judgment claiming that the assignment of Champlain's claims to Price was invalid. See id. at *1. Ruling first on the motion for summary judgment, the District Court concluded that the assignment was invalid under Vermont law because, among other reasons, Price had not given any consideration for the assignment. See id. at *2.

Turning then to the joinder motion, the District Court ruled that, in light of the assignment's invalidity, joinder of Champlain as a plaintiff was necessary for the action to proceed.  Applying Rule 15 of the Federal Rules of Civil Procedure, the Court decided to allow Champlain's joinder because (1) Price moved to amend promptly after recognizing "a serious challenge" to the assignment and thus did not cause inordinate delay, (2) the Defendants would not suffer any prejudice because the claims against them would remain the same, (3) any delay caused by amendment and remand would be inconsequential, and (4) the assignment's invalidity meant that amendment would not be futile. See id. at *2-*3.  Marsh had also argued that joinder should be denied because "any attempt by a plaintiff to amend his pleading to destroy diversity is subject to scrutiny in addition to that imposed by Rule 15(a)." Id. at *3 (internal quotation marks omitted).

However, after reviewing factors similar to those recited above, the Court rejected this argument. See id.

Because both Champlain and Marsh had their principal places of business in New York, the District Court then proceeded to assess the jurisdictional consequences of granting the motion to join Champlain as a plaintiff. Citing Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991), the Court observed that, "[o]rdinarily, subject matter jurisdiction and the determination of whether diversity of citizenship exists are made at the outset of the case and govern regardless of subsequent changes in parties." Price, 2007 WL 294082, at *4. However, the Court distinguished Freeport-McMoRan on two grounds. First, Freeport-McMoRan involved substitution of a plaintiff under Rule 25 of the Federal Rules of Civil Procedure, and the substituted plaintiff had no interest in the action at the time of its commencement; by contrast, Champlain was not joined under Rule 25 and "had an interest in the claims at issue well before Price even filed suit." See id.

Second, the Court relied on the "indispensability" exception to Freeport-McMoRan, developed by a number of other courts, which provides that joinder of a nondiverse party destroys diversity when the joined party was indispensable to the action at its commencement.

-5-

See id. (citing, e.g., Salt Lake Tribune Publishing Co. v. AT&T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003)). Applying this exception, the District Court reasoned that Champlain was an indispensable party because "at its core this dispute was, and currently remains, a controversy between . . . Champlain and Marsh." Id. at *5. Accordingly, it held that Champlain's joinder destroyed subject matter jurisdiction, and it remanded the action to the state court. See id.

Discussion

On appeal, Marsh contends that the District Court was obliged to dismiss the action under Rule 19 of the Federal Rules of Civil Procedure for failure to join an indispensable party, instead of permitting joinder and remanding the action to state court for lack of diversity jurisdiction. The Plaintiffs-Appellees have moved to dismiss the appeal on the ground that 28 U.S.C. § 1447(d) bars appellate review of the District Court's remand order. Marsh seeks to avoid application of section 1447(d) primarily on the theory that this provision does not preclude review of a remand order when a district court concludes that it lacks subject matter jurisdiction because of events occurring after removal. Marsh also contends that we can review the District Court's joinder ruling under the collateral order doctrine. We reject both of Marsh's arguments.

-6-

I. 28 U.S.C. § 1447(d) Precludes Review of the District Court's Remand Order

Two statutory provisions govern our analysis of our jurisdiction to review this appeal. 28 U.S.C. § 1447(c) provides in relevant part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The second provision, section 1447(d), states, with one exception not pertinent here, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Although section 1447(d) could be read expansively to apply to all remand orders, the Supreme Court has held that it must be read in conjunction with section 1447(c), meaning that section 1447(d) prohibits review only of those remand orders based on the grounds specified in section 1447(c). See, e.g., Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 711-12 (1996) (abstention-based remand order reviewable by court of appeals); Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-51 (1976) (remand order based on heavy docket reviewable by court of appeals). Thus, section 1447(d) prohibits appellate review when a district court remands based on (1) a defect other than lack of subject matter jurisdiction presented

-7-

in a timely remand motion or (2) a determination that the court lacked subject matter jurisdiction. Shapiro v. Logistec USA Inc., 412 F.3d 307, 313 (2d Cir. 2005); see also Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 125 (2d Cir. 2003) ("Section 1447(d) bars appellate review of remand orders based on any ground recognized in Section 1447(c), such as perceived lack of subject matter jurisdiction . . . .").[1]

The District Court remanded this action after concluding that the joinder of Champlain destroyed diversity jurisdiction and thereby precluded the Court's exercise of subject matter jurisdiction over the

---

[1]We note that some courts of appeals have also read section 1447(d) in conjunction with section 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See, e.g., Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004); In re Florida Wire & Cable Co., 102 F.3d 866, 868 (7th Cir. 1996); Washington Suburban Sanitary Commission v. CRS/Sirrine, Inc., 917 F.2d 834, 836 n.5 (4th Cir. 1990). Because Champlain was joined as a plaintiff, not as a defendant, section 1447(e) does not apply in this case.

action.  Although the Court's remand order appears to place it within the coverage of the plain language of section 1447(c), Marsh makes two arguments in an attempt to take the remand order outside the scope of section 1447(c) and thereby avoid the limitation on appellate review set forth in section 1447(d).

First, Marsh intimates that the District Court could not have remanded the case pursuant to section 1447(c) because the Court did not mention that specific provision in its remand order.  However, when a district court remands a case "'based on a perceived lack of subject matter jurisdiction,'" the remand is based on a ground specified in section 1447(c) and thus is unappealable, even if the court does not cite section 1447(c). See McNally v. Port Authority (In Re WTC Disaster Site), 414 F.3d 352, 366 (2d Cir. 2005) (quoting Spielman, 332 F.3d at 122); see also Spielman, 332 F.3d at 129 (noting that reviewability of a remand order turns on "the district court's basis for granting it" (internal quotation marks omitted)). Notwithstanding the absence of any citation to section 1447(c) in the District Court's remand order, the order was clearly based on the Court's conclusion that it lacked subject matter jurisdiction.

Marsh relies more heavily on the argument that section 1447(c) authorizes remand only when jurisdiction is lacking at the time of

removal. Under this theory, which some courts call the "post-removal-event" doctrine, a remand order based on a district court's conclusion that a post-removal event destroys subject matter jurisdiction falls outside the scope of section 1447(c) and therefore is subject to review on appeal. See, e.g., Reddam v. KPMG LLP, 457 F.3d 1054, 1058-59 (9th Cir. 2006) (upholding appellate jurisdiction over remand order based on determination that arbitrator's post-removal refusal to arbitrate deprived the court of subject matter jurisdiction); Poore v. American-Amicable Life Insurance Co. of Texas, 218 F.3d 1287, 1291-92 (11th Cir. 2000) (upholding appellate jurisdiction over remand order based on post-removal event reducing damages recoverable below the amount-in-controversy requirement); In re Amoco Petroleum Additives Co., 964 F.2d 706, 708-09 (7th Cir. 1992) (upholding appellate jurisdiction over remand order based on perceived lack of subject matter jurisdiction following post-removal change in parties); see also DaWalt v. Purdue Pharma, L.P., 397 F.3d 392, 399-402 (6th Cir. 2005) (summarizing the doctrine and citing cases); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 223 (3d Cir. 1995) (stating the doctrine in dicta); 16 James Wm. Moore et al., Moore's Federal Practice § 107.44[2][a][iii] (3d ed. 2006) (noting that the courts of appeals are split on whether to apply the doctrine).

Unfortunately for Marsh, the Supreme Court recently rejected this very argument in Powerex Corp. v. Reliant Energy Services, Inc., 127 S. Ct. 2411 (2007). The procedural history of Powerex Corp. is complex and need not be detailed here to explain the Supreme Court's holding. In brief, the Ninth Circuit had exercised appellate jurisdiction to review a determination made by a district court under the Foreign Sovereign Immunities Act ("FSIA") as part of a remand order. See id. at 2415. The Supreme Court granted certiorari over the FSIA question but also instructed the parties to discuss whether section 1447(d) barred appellate jurisdiction over the order. See id. Before the Court, the petitioner (and the United States as amicus curiae) argued that the district court's remand order "was not based on a lack of 'subject matter jurisdiction' within the meaning of § 1447(c) because that term is properly interpreted to cover only a defect in subject matter jurisdiction at the time of removal that rendered the removal itself jurisdictionally improper." Id. at 2416 (internal quotation marks omitted). Apparently conceding "the absence of an explicit textual limitation" in section 1447(c), the petitioner grounded this argument in the statute's legislative history. See id. An earlier version of the statute had required remand "[i]f at any time before final judgment it appears that the case was removed

-11-

improvidently and without jurisdiction."[2] 28 U.S.C. § 1447(c) (1982). According to the petitioner, the earlier version had authorized remand only when a case was removed improperly, and the legislative history of the provision's amendment disclosed no congressional intent to alter this rule. See Powerex Corp., 127 S. Ct. at 2416-17; see also, e.g., Poore, 218 F.3d at 1289-91 (adopting this argument and citing cases).

The Supreme Court rejected this argument, observing that the legislative history of the amendment contradicted the petitioner's proposed temporal limitation on section 1447(c). See Powerex Corp., 127 S. Ct. at 2417. When Congress amended section 1447(c), it also created section 1447(e), permitting remand after post-removal joinder of a nondiverse defendant, which the Court viewed as an indication that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." Id. Noting that "[t]here is no reason to believe that the new language in [section 1447(c)] . . . covers only cases in which removal itself was jurisdictionally improper," the Court reasoned that when a district

_____

[2]This earlier version of section 1447(c) was replaced in 1988. See Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1016(c)(1), 102 Stat. 4642, 4670 (1988).

-12-

court remands a properly removed case on the ground that it lacks subject matter jurisdiction, the remand falls within section 1447(c), and appellate review of the remand is barred by section 1447(d). See id.

Having rejected the post-removal-event doctrine (although the Court did not call the doctrine by that name), the Court proceeded to determine whether the ground for the remand order was a lack of subject matter jurisdiction. The district court had purported to base its remand order on that ground. See id. The Court acknowledged disagreement among the Justices as to whether the district court's own characterization of its remand order sufficed to preclude appellate review. See id.; see also Kircher v. Putnam Funds Trust, 126 S. Ct. 2145, 2153 & n.9 (2006) (declining to decide whether a court of appeals may look beyond a district court's label in a remand order); id. at 2159 (Scalia, J., concurring) (arguing that section 1447(d) prohibits courts of appeals from looking beyond the stated bases for district courts' remand orders). However, the Court agreed that "review of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent it is permissible at all, should be limited to confirming that that characterization was colorable." Powerex Corp., 127 S. Ct. at 2418

-13-

(emphasis added). Because the only plausible explanation for the district court's decision to remand the case was a conclusion that it lacked subject matter jurisdiction, that court's characterization of its remand order was "colorable," and section 1447(d) prohibited appellate review. See id.

Marsh's reliance on earlier cases recognizing the post-removal-event doctrine is unavailing in light of Powerex Corp. In the pending case, the District Court purported to remand for lack of subject matter jurisdiction, and it is immaterial that the perceived lack of jurisdiction arose after removal.[3] Regardless of whether the subject matter jurisdiction determination was correct on the merits, see Kircher, 126 S. Ct. at 2153 (repeating the principle that all remand orders issued on a ground specified in section 1447(c), no matter how erroneous, are immunized from review), the District Court's characterization of its remand order as being based on a lack of subject matter jurisdiction was certainly "colorable." Indeed, we can discern no other plausible ground for the remand decision.

---

[3]In addition, it is arguable that the District Court believed that the case was actually removed without jurisdiction given its conclusion that Champlain was indispensable to the case at its commencement. See Price, 2007 WL 294082, at *5.

-14-

Accordingly, applying <u>Powerex Corp.</u>, we conclude that section 1447(d) precludes our review over the remand order.

II. The Collateral Order Doctrine Does Not Permit Appellate Review

Marsh also contends that, even if we cannot review the District Court's remand order, the rest of the District Court's ruling is reviewable on appeal under the collateral order doctrine. In particular, Marsh urges us to review the District Court's rulings (1) granting the motion to join Champlain and (2) holding that Champlain was indispensable.[4]

The collateral order doctrine, recognized in <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541 (1949), permits review of an otherwise unappealable order if "the order conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment." <u>Excimer Associates, Inc. v. LCA Vision, Inc.</u>, 292 F.3d 134, 138 (2d Cir. 2002) (internal

---

[4]Marsh also urges us to review that portion of the District Court's ruling "ignoring the requirements of Rule 19." We do not understand the District Court's failure to apply Rule 19 as a separate decision but rather as Marsh's explanation of why the affirmative decisions recited above are alleged to be erroneous.

-15-

quotation marks omitted) (alterations in original). In addition, to overcome section 1447(d) on an appeal from a remand order based on a lack of subject matter jurisdiction, the ruling for which an appellant seeks interlocutory review "must be 'separate from the question of the district court's subject matter jurisdiction.'" MediSys Health Network, Inc. v. Local 348-S United Food & Commercial Workers, 337 F.3d 119, 122 (2d Cir. 2003) (quoting Excimer Associates, 292 F.3d at 139). This separability requirement stems from the Supreme Court's decision in Waco v. U.S. Fidelity & Guaranty Co., 293 U.S. 140 (1934), where the Court permitted appellate review of a "separate" order dismissing a claim that "in logic and in fact . . . preceded [the remand order] and was made by the District Court while it had control of the cause." Id. at 142, 143; see also Powerex Corp., 127 S. Ct. at 2419 ("Waco does not permit an appeal when there is no order separate from the unreviewable remand order."); Kircher, 126 S. Ct. at 2156 n.13 (declining to "pass[] on the continued vitality of [Waco] in light of § 1447(d)," but distinguishing the case on the ground that the dismissal order in Waco could be "disaggregated" from the remand order). We have explained that a decision is separable when "'the issue [being determined] has independent relevance in adjudging the rights of the parties (i.e., relevance beyond determining the

-16-

existence of federal subject matter jurisdiction).'" Excimer Associates, 292 F.3d at 139 (quoting Powers v. Southland Corp., 4 F.3d 223, 228 (3d Cir. 1993)).

We discuss the rulings identified by Marsh in reverse order. The second ruling--the District Court's holding that Champlain was indispensable--was part and parcel of the Court's assessment of its subject matter jurisdiction because it considered indispensability to determine whether the joinder satisfied the "indispensability" exception to Freeport-McMoRan recognized by some courts. Accordingly, this decision was not sufficiently separate from the remand order to warrant review under Waco.

By contrast, the District Court's decision to permit Champlain's joinder perhaps satisfies the separability requirement. The joinder ruling could be said to have preceded the remand decision in logic and in fact because the District Court did not consider the joinder motion for the purpose of assessing subject matter jurisdiction. Indeed, the District Court had no reason to assess its subject matter jurisdiction until after granting the joinder motion. Moreover, the joinder of Champlain arguably had independent relevance to the rights of the parties because it served to preserve the Plaintiffs' claim against Marsh.

We need not decide, however, whether the joinder ruling is sufficiently separate from the remand order because, even if it is, it is not reviewable under the collateral order doctrine. For a collateral order such as a joinder ruling to satisfy the collateral order doctrine, it must be, among other things, effectively unreviewable on appeal from a final judgment. Marsh summarily argues that the joinder ruling is "not reviewable by the state court and, in any event, [is] too important to require Marsh to await the possibility that the state court will do so." We disagree. We have stated that "the unavailability of appellate review of remand orders under § 1447(d) strongly militates against giving a judgment preclusive effect, and thus any issues that the district court decided incident to remand may be relitigated in state court." MediSys Health Network, 337 F.3d at 124 (internal quotation marks and citation omitted). And even if the state trial court is bound by the joinder ruling under the law-of-the-case doctrine, which we need not decide, we see no reason why the state appellate court cannot review the joinder decision on an appeal from a final judgment. See Powers, 4 F.3d at 233-37 (holding that the state appellate court could review a district court's pre-remand order granting joinder of a defendant); see also Doleac v. Michalson, 264 F.3d 470, 491 (5th Cir. 2001)

-18-

("Because we do not think Congress intended the bar in § 1447(d) to turn an otherwise non-collateral, unreviewable interlocutory order into a collateral, appealable order, we conclude that this amendment does not meet the requirements of the third prong of the collateral order exception."). Nor can we discern any reason to excuse Marsh from the usual requirement that it await appellate review of a final judgment to appeal the joinder ruling.

In sum, even if the joinder ruling is separable from the remand order, Marsh has not demonstrated that the decision is effectively unreviewable on appeal from final judgment in the state court. For this reason, the collateral order doctrine cannot support appellate jurisdiction over the joinder ruling, and the appeal must be dismissed.

## Conclusion

For the foregoing reasons, we conclude that we lack appellate jurisdiction to review the remand order or the joinder ruling, and we therefore dismiss the appeal.