[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-13114
_____

D. C. Docket No. 07-00687 CV-VEH-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

W R HUFF ASSET MANAGEMENT CO., L.L.C.,
as investment advisor and as attorney-in-fact
on behalf of certain Beneficial Owners of
10 ½% Senior Subordinated Notes,

Plaintiff-Appellee,

versus

KOHLBERG, KRAVIS, ROBERTS & CO., L.P.,
A Delaware limited partnership,
KKR ASSOCIATES LP,
a limited partnership,
KKR PARTNERS II LP,
CRIMSON ASSOCIATES LP,
RONALD G. BRUNO, an individual,
ROBINSON HUMPHREY COMPANY, L.L.C.,
A Delaware corporation,
MURRAY DEVINE & CO.,
a corporation,

Defendants-Appellants,

WILLIAM J. BOLTON, an individual,
et al.,

Defendants.

Appeal from the United States District Court
for the Northern District of Alabama

Before MARCUS, ANDERSON and CUDAHY,[*] Circuit Judges.

ANDERSON, Circuit Judge:

Defendant-Appellants Kohlberg Kravis Roberts & Co. ("KKR"), Robinson

Humphrey Co. ("Robinson Humphrey") and Murray Devine & Company, Inc.

("Murray Devine") (collectively "Appellants") appeal the district court's order

granting Plaintiff-Appellee W.R. Huff Asset Management Co. ("Huff") leave to file

the Fourth Amended Complaint. For the reasons set forth below, we conclude that

we lack appellate jurisdiction. Accordingly, we dismiss the appeal.

## I. PROCEDURAL POSTURE

Huff is an investment management company. In 1995, Huff invested

approximately $290,000,000 on behalf of its clients in subordinated notes

("Notes") issued in connection with the leveraged recapitalization of an Alabama

grocery chain, Bruno's, Inc. ("Bruno's"). KKR engineered Bruno's

recapitalization. Robinson Humphrey issued a fairness opinion related to the

_____

[*] Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh
Circuit, sitting by designation.

2

recapitalization and Murray Devine issued a solvency opinion in connection with the recapitalization. Roughly two-and-a-half years later, Bruno's filed for bankruptcy in Delaware. On August 6, 1999, Huff filed suit in Alabama state court for fraudulent transfer, breach of fiduciary duty, aiding and abetting, and conspiracy. KKR removed the case to the Bankruptcy Court for the Northern District of Alabama. In October of 1999, Bruno's bankruptcy examiner released a report, prepared for KKR in May of 1995, which cited numerous, material accounting flaws in financial statements approved by Bruno's accountants, Arthur Andersen. As a result, on May 25, 2000, Huff filed a second amended complaint ("Second Amended Complaint") asserting state law claims based on material misrepresentations and omissions in Bruno's public filings. Huff brought the action as an investment advisor and attorney-in-fact on behalf of certain beneficial owners of the Notes. Huff's federal securities fraud claims were already barred by a three year statute of repose. See 15 U.S.C. § 78r(c).

Thereafter, the Alabama bankruptcy court returned the action to Alabama state court. Appellants removed the case to federal court on the grounds that Huff's state law claims were precluded[1] by the Securities Litigation Uniform

---

[1] "The preclusion provision is often called a preemption provision; [SLUSA], however, does not itself displace state law with federal law but makes some state-law claims nonactionable through the class action device in federal as well as state court. See Merrill Lynch,

3

Standards Act of 1998 ("SLUSA").[2] Two weeks later, in an explicit attempt to avoid SLUSA preclusion, Huff filed a third amended complaint ("Third Amended Complaint") asserting only claims for misrepresentations made after Bruno's stock was de-listed from the NASDAQ. Huff also dropped defendants Murray Devine and Robinson Humphrey because they were involved only in misrepresentations made prior to de-listing. The district court did not rule on the Third Amended Complaint for three years and three months.

In the interim, in light of developments in a related proceeding, Huff moved for leave to file a fourth amended complaint ("Fourth Amended Complaint"). Again, Huff acknowledged that the Fourth Amended Complaint was an attempt to avoid SLUSA preclusion. SLUSA provides for the removal of "covered class actions." 15 U.S.C. § 77p(c). The term "covered class action" includes "any single lawsuit" involving "a covered security" in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other

---

Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 87, 126 S. Ct. 1503, 1514, 164 L. Ed. 2d 179 (2006) ('[SLUSA] does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist')." Kircher v. Putnam Funds Trust, 547 U.S. 633, 637, 126 S. Ct. 2145, 2151, 165 L. Ed. 2d 92 (2006).

[2] SLUSA states: "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging– (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b).

unnamed parties similarly situated." Id. §§ 77p(c), (f). However, SLUSA only governs actions filed by fifty or more individually named plaintiffs. 15 U.S.C. § 77p(f)(2)(A)(i)(I). Thus, Huff sought to substitute as plaintiffs forty-six individual Note holders. The Fourth Amended Complaint also re-listed Murray Devine and Robinson Humphrey as defendants.

On February 7, 2006, the district court denied leave to file the Fourth Amended Complaint and dismissed the case with prejudice. The district court stated that the proposed amendment: (1) violated a prior judicial order; (2) was untimely; (3) was unduly burdensome on KKR; and (4) was a waste of judicial resources. On appeal, a prior panel of this Court vacated and remanded. The panel rejected the reasoning of the district court but explicitly reserved judgment on whether there were alternate, legitimate reasons to deny leave to amend. On June 22, 2007, after remand, the district court issued an order granting leave to file the Fourth Amended Complaint under the liberal amendment provision in Federal Rule of Civil Procedure 15(a). Immediately thereafter, the district court observed that SLUSA was the only asserted basis for federal jurisdiction, and SLUSA being inapplicable to the Fourth Amended Complaint, the district court remanded to state court for lack of subject matter jurisdiction. Appellants filed the instant appeal.

In this appeal, Appellants challenge the district court's ruling granting leave

5

to file the Fourth Amended Complaint.  The amendment permitted a substitution of plaintiffs, eliminating Huff in his representative capacity and substituting therefor forty-six individual plaintiffs.  The amendment also re-listed Murray Devine and Robinson Humphrey as defendants, thus abandoning the attempt in the Third Amended Complaint to drop these two defendants.  Appellants raise several issues, including, <u>inter alia</u>: (1) whether Huff is the sole real party in interest; (2) whether Huff is an indispensable party; (3) whether the district court erred in allowing the addition of two defendants after Huff deliberately dropped them in the proposed Third Amended Complaint; (4) whether the statute of limitations prevents the re-listing of these defendants; and (5) whether the district court erred in allowing the amendment because it constituted a circumvention of SLUSA.  The foregoing will be referred to in this opinion as the "merits issues."  However, we must first determine whether we have appellate jurisdiction to entertain these merits issues.

## II.  APPELLATE JURISDICTION

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).[3]  "The policy of

---

[3]     In <u>Thermtron Products, Inc. v. Hermansdorfer</u>, the Supreme Court held that § 1447(d) applies only to remand orders made on grounds authorized in 28 U.S.C. § 1447(c).  423 U.S. 336, 346, 96 S. Ct. 584, 590, 46 L. Ed. 2d 542 (1976), <u>abrogated on other grounds by Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 714-15, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996).  Two grounds for removal are listed  in § 1447(c): (1) lack of subject matter jurisdiction; and (2) a defect in the removal process.  <u>See</u> <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1253-54

Congress opposes interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." Kircher v. Putnam Funds Trust, 547 U.S. 633, 640, 126 S. Ct. 2145, 2152, 165 L. Ed. 2d 92 (2006). "For over a century now, statutes have accordingly limited the power of federal appellate courts to review orders remanding cases removed by defendants from state to federal court." Id. The Supreme Court has "relentlessly repeated that any remand order issued on the grounds specified in § 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court." Kircher, 547 U.S. at 640, 126 S. Ct. at 2153.

Notwithstanding the force of the § 1447(d) bar, the case law has staked out limited exceptions. Thus, we may review orders "that lead to, but are separate from, orders of remand and have a conclusive effect upon the ensuing state court action." Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1286 (11th Cir. 1999). This doctrine flows from the Supreme Court's decision in City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 55 S. Ct. 6,

_____

(11th Cir. 1999). After Huff substituted forty-six individual Note holders as plaintiffs, the district court concluded there was no basis under SLUSA for the preclusion of Huff's state law claims. Accordingly, the court remanded for lack of subject matter jurisdiction. As a result, § 1447(d) bars appellate review of the remand order in this case.

7

79 L. Ed. 244 (1934). In <u>Waco</u>, the defendant impleaded a third-party and removed the case to district court on the basis of diversity jurisdiction. The district court concluded that the third-party was an unnecessary and improper party and dismissed the cross-complaint. <u>Waco</u>, 293 U.S. at 142, 55 S. Ct. at 7. After the dismissal, there was no diversity between the remaining parties and the district court remanded the case to state court for lack of jurisdiction. <u>Id.</u> The defendant appealed the dismissal of the cross-complaint. The Supreme Court recognized that no appeal lies from an order of remand. <u>Waco</u>, 293 U.S. at 143, 55 S. Ct. at 7. However, noting that "the cross-action will be no part of the case which is remanded to the state court," the Court concluded that "[i]ndisputably [the order of dismissal] is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner."[4] <u>Id.</u>

In this case, we can assume <u>arguendo</u> (but need not decide) that this appeal would satisfy <u>Waco</u>, because our case law also requires that the order appealed from be final under 28 U.S.C. § 1291, and because we hold that the district court's order in the instant case is not final. See <u>Flohr v. Mackovjak</u>, 84 F.3d 386, 390

---

[4]    Before the adoption of the Federal Rules of Civil Procedure in 1938, "where an order adjudicated a separate and distinct claim . . . the judgment was final and could 'be reviewed without awaiting the determination of the separate matter affecting only the parties to such particular controversy.'" 10 James Wm. Moore et al., Moore's Federal Practice § 54App.101 (3d ed. 2009) (quoting <u>United States v. River Rouge Co.</u>, 269 U.S. 411, 414, 46 S. Ct. 144, 145, 70 L. Ed. 339 (1926)); <u>see also</u> <u>Powers v. Southland Corp.</u>, 4 F.3d 223, 235 n.12 (3d Cir. 1993).

8

(11th Cir. 1996) (addressing a § 1447(d) issue, and after holding that Waco was satisfied, holding: "We may thus take jurisdiction over Mackovjak's appeal, provided that the denial of his motion to substitute is a 'final order' within the terms of 28 U.S.C. § 1291.");[5] see also Aquamar, 179 F.3d at 1287 (holding that appealability of the district court's order that led to, but was separate from the remand order had to satisfy both the Waco doctrine and the finality rule (collateral order doctrine)); accord Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55, 63 (2d Cir. 2007); Powers v. Southland Corp., 4 F.3d 223, 230 (3d Cir. 1993).

"Section 1291 of the Judicial code generally vests courts of appeals with jurisdiction over appeals from 'final decisions' of the district courts." Cunningham v. Hamilton County, 527 U.S. 199, 203 119 S. Ct. 1915, 1919, 144 L. Ed. 2d 184 (1999). The general rule is that a district court order is considered final and appealable only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 65 S. Ct. 631 (1945). Obviously, the instant district court order does not end the litigation on the merits. However, the Supreme Court has "interpreted the term

---

[5]     Flohr went on to hold that the appeal satisfied the finality rule because the proposed substitution of the United States for the federal employee would render the employee immune, and an order denying immunity qualifies as a collateral order satisfying the finality rule. 84 F.3d at 390.

'final decision' in § 1291 to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation. That small category includes only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively unreviewable on appeal from the final judgment in the underlying action." 527 U.S. at 204, 119 S. Ct. at 1920 (internal citations and quotations omitted). This three prong test is referred to as the collateral order doctrine. The rule of finality is motivated in large part by considerations similar to those supporting the bar in § 1447(d) to review of remand orders.

> [T]he rule is in accordance with the sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. The rule also serves the important purpose of promoting efficient judicial administration.

Cunningham, 527 U.S. at 203-04, 119 S. Ct. at 1919-20 (internal quotations omitted).

Thus, we examine whether the district court order for which Appellants seek review satisfies the collateral order doctrine. Our analysis leads to the conclusion that the district court's order is effectively reviewable on appeal from a final

10

judgment in state court. Accordingly, the district court's order does not satisfy the third prong of the collateral order doctrine and we have no jurisdiction to review it.

We begin by noting that an order permitting the substitution of plaintiffs is ordinarily interlocutory and unappealable. See Delta Coal Program v. Libman, 743 F.2d 852, 853 (11th Cir. 1984) (deciding an "interlocutory appeal to challenge the district court's . . . order allowing thirty-five individual plaintiffs to be substituted for a limited partnership"); see also Porter v. Maule, 160 F.2d 1, 3 (5th Cir. 1947) (concluding that an order substituting plaintiffs was "interlocutory and unappealable"). Similarly, an order permitting or denying joinder of parties is typically interlocutory. See United States v. Taylor, 632 F.2d 530, 531 (5th Cir. Unit A 1980)[6] (citing Fowler v. Merry, 468 F.2d 242, 243 (10th Cir. 1972) ("Although an order refusing or permitting the filing of an amended complaint joining an additional party is a discretionary action by the trial court and subject to appellate review as part of an ultimate final judgment, . . . the order itself is not appealable as such in isolation" )).[7] The novel question we must address is whether

_____

[6]     In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), this Court adopted as binding precedent decisions of the Fifth Circuit, including Unit A panel decisions of that circuit, handed down prior to October 1, 1981. See United States v. Todd, 108 F.3d 1329, 1333 (11th Cir. 1997). Accordingly, both Porter and Taylor are binding precedent.

[7]     "Few problems are encountered in determining the appealability of orders dealing with party joinder. Ordinarily orders granting or denying joinder or substitution are not final."

11

the district court's order is effectively unreviewable in light of the remand.

First, we observe that the Supreme Court has strongly endorsed the following principle, enunciated in the Restatement (Second) of Judgments § 28(1):

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded[8] in the following circumstances:
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.

See Kircher, 547 U.S. at 647, 126 S. Ct. at 2156-57.[9] Here, Appellants cannot obtain review in federal court. Section 1447(d) prevents this Court from reviewing the remand order itself. Section 1291 prevents this Court from reviewing the district court's interlocutory order granting leave to amend. This Court's prior decision in W.R. Huff Asset Management Co. v. Kohlberg, Kravis, Roberts, 209 Fed. App'x. 931, 934 n.5 (11th Cir. 2006), did not address any of the merits issues currently

---

15B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3914.18.

[8] For purposes of clarity, we will refer to this type of preclusion as collateral estoppel in order to avoid confusion with the preclusion of certain state law claims under SLUSA.

[9] Alabama state courts have also relied on the Restatement (Second) of Judgments to establish principles of collateral estoppel. See, e.g., Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 795-96 (Ala. 2007) (relying on Restatement (Second) of Judgments §§ 26, 28(3)); Davis v. Hanson Aggregates Se., Inc., 952 So.2d 330, 339 (Ala. 2006) (relying on Restatement (Second) of Judgments § 27).

before us and we do not reach the merits of those claims today.[10]  Accordingly, we discern no basis for the application of collateral estoppel in state court, which therefore cannot be deemed to make the order effectively unreviewable on appeal from final judgment in state court.

Second, in light of the lack of collateral estoppel, we join the decisions of several of our sister circuits in finding no reason why the state appellate courts cannot review the propriety vel non of the district court's order on appeal from a final judgment.[11]  In Powers, the plaintiff filed an action in state court and the defendant removed to federal court on the basis of diversity jurisdiction.  4 F.3d at 225.  The plaintiff then sought leave to amend the complaint to add an additional defendant under a relation back theory.  The district court granted the motion.  Id.  The amendment destroyed the court's diversity jurisdiction and the case was remanded to state court.  Id. at 226.  The Third Circuit stated:

---

[10]    During the prior appeal, this Court considered the district court's denial of leave to amend on the grounds that the amendment: (1) violated a prior judicial order; (2) was untimely; (3) was unduly burdensome on KKR; and (4) was a waste of judicial resources.  We read our prior opinion as rejecting these, and only these, grounds for denying leave to amend. W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts, 209 Fed. App'x. 931, 934 n.5 (11th Cir. 2006).

[11]    Because we are addressing the question whether the district court's merits rulings are effectively reviewable on appeal from the final judgment, we need not (and we do not) express an opinion on the ability of the state trial court to consider the merits issues decided by the federal district court.  But see Kircher, 547 U.S. at 646-47, 126 S. Ct. at 2156-57.

13

> [B]ecause we are aware of no doctrine that would bar the state [appellate] court from reviewing the federal district court's interlocutory decision to allow the relation back amendment, and because we do not believe that there is a right at stake the value of which effectively will be lost if the order is not immediately appealable, we conclude that the third prong of the collateral order doctrine has not been met.

Id. at 237.

In Price v. J & H Marsh & McLennan, Inc., the Second Circuit reached a similar conclusion. 493 F.3d 55 (2d Cir. 2007). The plaintiff filed an action in state court and the defendant removed on the basis of diversity of citizenship. Id. at 57. Several years after the initial removal, the plaintiff filed a motion for leave to amend the complaint to add an additional plaintiff. Id. The district court granted the motion, concluded that joinder destroyed diversity, and remanded to state court for lack of subject matter jurisdiction. Id. at 58. Defendants appealed. The Second Circuit dismissed the appeal for lack of appellate jurisdiction. Id. at 63. The court concluded that the order allowing joinder was not final under the collateral order doctrine, stating "we see no reason why the state appellate court cannot review the joinder decision on an appeal from a final judgment. . . . Nor can we discern any reason to excuse Marsh from the usual requirement that it await appellate review of a final judgment to appeal the joinder ruling." Id.

We see no reason, on the facts before us, why Appellants cannot raise in the

14

state appellate court all the merits issues they seek to present to us in this appeal. State courts "possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal law." ASARCO Inc. v. Kadish, 490 U.S. 605, 617, 109 S. Ct. 2037, 2045, 104 L. Ed. 2d 696 (1989). With respect to the merits issue – whether allowance of the amendment constituted a circumvention of SLUSA – the Supreme Court's Kircher opinion indicates that state courts are entirely competent to interpret and apply SLUSA. 547 U.S. at 646-48, 126 S. Ct. at 2156-57. With respect to the other merits issues – at least some of which turned in the district court on an application of the Federal Rules of Civil Procedure – we note that the collateral order doctrine asks only whether an order is "effectively unreviewable." The Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure are "virtually identical." Ex parte Maple Chase Co., 840 So. 2d 147, 150 (Ala. 2002).[12] In fact, "a presumption arises [in Alabama state court] that cases construing the federal rules are authority for construction of the Alabama rules." Id.

---

[12] Under the present circumstances, both Ala. R. Civ. P. 15(a) and Fed. R. Civ. P. 15(a) state that amendment should be allowed "when justice so requires." Rules 15(c), 17(a), and 19 are virtually identical under both the Alabama and Federal Rules of Civil Procedure.

Appellants assert that while the remand itself is not reviewable it nonetheless provides a "final judgment" sufficient to render prior orders of the district court reviewable.  In Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 715, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996), the Supreme Court held that an order remanding on grounds of Burford abstention is appealable under § 1291.  "When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket."  Quackenbush, 516 U.S. at 714, 116 S. Ct. at 1719; see also Fla. Polk County v. Prison Health Serv., Inc., 170 F.3d 1081, 1083 (11th Cir. 1999) ("The district court's remand orders are final in the sense that they terminated the controversy in federal court").  Assuming that the remand order itself is final, Appellants' argument is nonetheless unavailing.  The only issue on which the remand order is "final" is the remand itself.  As noted above, the merits issues can be reviewed in state court on appeal from final judgment.  The policy of Congress as expressed in § 1447(d), and explicitly endorsed and "relentlessly" enforced by the Supreme Court, is that litigation proceed to the merits under these circumstances.  Kircher, 547 U.S. at 640, 126 S. Ct. at 2153.  Therefore, in light of the fact that review of the district court's order granting leave to amend is available in state court, the order of remand cannot transform an otherwise interlocutory

16

order into an appealable final order.  See Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 491 (5th Cir. 2001) ("Because we do not think Congress intended the bar in § 1447(d) to turn an otherwise non-collateral, unreviewable interlocutory order into a collateral, appealable order, we conclude that this amendment does not meet the requirements of the third prong of the collateral order exception").[13]

Appellants also point to the line of cases deriving from the Supreme Court's decision in Waco, which hold that the dismissal of a defendant and all the claims against it are appealable because they are no part of the case remanded to state court and if not set aside are conclusive upon the petitioner.  See, e.g., Armstrong v. Ala. Power Co., 667 F.2d 1385, 1387 (11th Cir. 1982).  However, these cases are readily distinguishable.  "A partial remand of a removed action constitutes, in effect, a severance of the part that is remanded from that which is retained; and orders entered as to the part of the action retained should be subject to the usual principles of appellate review."  16-107 Moore's Federal Practice: Civil §

---

[13]    Both Quackenbush and Florida Polk County are distinguishable in that in each case the remand order was not based on lack of subject matter jurisdiction.  In Quackenbush, the district court's "abstention-based remand order [did] not fall into either category of remand order described in § 1447(c)," 517 U.S. at 712, 116 S. Ct. at 1718, and thus § 1447(d) was inapplicable.  In Florida Polk County, the remand order was based on a forum selection clause, and did not implicate § 1447(c) or (d).  170 F.3d at 1083.  Thus, § 1447(c) and (d) were simply inapplicable, and the policy of Congress expressed through § 1447(d) was not operative in those cases.

107App.113; see also Powers, 4 F.3d at 236-37. Here, no severable part of the action has been dismissed. All claims against the defendants were remanded to state court. The substituted plaintiffs and all the defendants are before the state court. The state courts have the competence and authority to determine if the Fourth Amended Complaint was properly allowed.[14]

At oral argument, Appellants expressed concern over a possible ping-pong of the case between federal and state court. If the state court reverses the substitution order, Appellants claim they will again remove the action to federal court under 15 U.S.C. § 77p(c). If the federal court persists in permitting substitution, the case will again be remanded to state court for lack of subject matter jurisdiction. Appellants assert that such a vicious circle of litigation makes the substitution order effectively unreviewable. We disagree,

> for nothing in [SLUSA] gives the federal courts exclusive jurisdiction over preclusion decisions. A covered action is removable if it is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but a defendant can elect to leave a case where the plaintiff filed it and trust the state court (an equally competent body, see Missouri Pacific R. Co. v. Fitzgerald, 160 U.S. 556, 583, 16 S. Ct. 389, 40 L.Ed. 536 (1896)) to make the preclusion determination.

---

[14]     In contrast, in Armstrong, the state court on remand lacked the competence to review the district court's dismissal of the United States and all the claims against it. This was so because such review would involve the interpretation of the Suits in Admiralty Act, but that Act provided for exclusive jurisdiction in the federal courts.

Kircher, 547 U.S. at 646, 126 S. Ct. at 2156. Appellants have received an opportunity to litigate in a federal forum. The policy of Congress is that Appellants now utilize the "equally competent" state courts to resolve the claims against them. Id. If the state courts determine that substitution was improper, Appellants may ask the state court to dismiss the action under SLUSA.

## III. CONCLUSION

In sum, we conclude that the remand order based on lack of subject matter jurisdiction is unreviewable under 28 U.S.C. § 1447(d). The district court's order granting leave to amend to substitute as plaintiff's forty-six individual Note holders and re-list Robinson Humphrey and Murray Devine as defendants is an unappealable interlocutory order. Appellants may seek review of all the merits issues before us in the state courts. Accordingly, the appeal is dismissed for lack of appellate jurisdiction.

DISMISSED.[15]

---

[15] We also have no jurisdiction to rule on Appellants' Motion for Judicial Notice and Appellants' Motion to Supplement the Record on Appeal.