14-2485-cv
Murphy v. City of Stamford

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.



At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
KATHLEEN A. MURPHY in her individual
capacity and as administrator for
KAREN A. MURPHY,
      Plaintiffs-Appellants,

      -v.-                      14-2485-cv

CITY OF STAMFORD, ET AL.,
      Defendants-Appellees.[1]
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Kathleen A. Murphy, pro se,
                          Stamford, CT.

---

[1]  The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

**FOR APPELLEE:** Vikki Cooper, Deputy Corporation Counsel, Office of the Corporation Counsel, City of Stamford, Stamford, CT.

Appeal from orders of the United States District Court for the District of Connecticut (Hall, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED** in part and the appeal is **DISMISSED** in part for lack of jurisdiction.

Kathleen Murphy, <u>pro se</u>, appeals from the orders of the United States District Court for the District of Connecticut (Hall, <u>J</u>.) dismissing her federal civil conspiracy claims for failure to state a claim and remanding the remainder of her claims to state court.[2]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Murphy alleges that a Stamford tax assessor improperly assessed the value of her property and that the Stamford Board of Assessment Appeals (the "Board") mishandled her appeal of the assessment determination because a Board member was conflicted, harbored animus toward Murphy, and failed to consider Murphy's evidence.  Murphy brought claims for federal civil conspiracy under 42 U.S.C. §§ 1985(3), 1986, for due process violations under 42 U.S.C. § 1983, and various state law claims.  The district court dismissed her §§ 1985(3) and 1986 claims as barred by the intracorporate conspiracy doctrine, remanded her § 1983 claims pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction by reason of the prohibition of the Tax Injunction Act, 28 U.S.C. § 1341, and remanded her state law claims after declining to exercise supplemental jurisdiction.

---

[2]  Although Murphy's notice of appeal stated that she was appealing only from the district court's denial of reconsideration, we will consider the notice of appeal to encompass the district court's underlying dismissal and remand order as well.  <u>See</u> <u>"R" Best Produce, Inc. v. DiSapio</u>, 540 F.3d 115, 121-22 (2d Cir. 2008).

**1.** We review the grant of a motion to dismiss <u>de novo</u>, accept as true all factual allegations, and draw all reasonable inferences in favor of the plaintiff. <u>Fink v. Time Warner Cable</u>, 714 F.3d 740-41 (2d Cir. 2013). To make out a § 1985(3) claim, the plaintiff must allege a conspiracy between two or more persons, <u>Girard v. 94th St. & Fifth Ave. Corp.</u>, 530 F.2d 66, 70 (2d Cir. 1976), and under the intracorporate conspiracy doctrine, the "officers, agents, and employees of a single corporate entity are legally incapable of conspiring together," <u>Hartline v. Gallo</u>, 546 F.3d 95, 99 n.3 (2d Cir. 2008)(internal quotation marks omitted). As the district court determined, Murphy's conspiracy claims are barred by the intracorporate conspiracy doctrine: the defendants were employees or agents of Stamford, the alleged conspiratorial activities pertained to and were motivated by the defendants' respective public duties, and all of the alleged discriminatory conduct pertains to a single act (the wrongful property assessment).

**2.** Murphy's challenge to the order remanding her § 1983 claims is dismissed because 28 U.S.C. § 1447(d) deprives us of appellate jurisdiction. <u>Price v. J&H Marsh & McLennan, Inc.</u>, 493 F.3d 55, 58-59 (2d Cir. 2007). We likewise lack jurisdiction to review the district court's denial of reconsideration. <u>Petrello v. White</u>, 533 F.3d 110, 116 (2d Cir. 2008).

To the extent Murphy appeals from the remand of her state law claims, we affirm the district court. Once the district court determined that it lacked subject matter jurisdiction to consider the § 1983 claims, it could not exercise supplemental jurisdiction over any related state law claim. <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182, 1187 (2d Cir. 1996). As to the state law claims that were related to the § 1985(3) claims: once the district court dismissed the § 1985(3) claims, it did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims. <u>See Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).

3

Accordingly, and finding no merit in Murphy's other arguments, we hereby **AFFIRM** the orders of the district court in part and **DISMISS** the appeal in part for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK