[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10921
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cv-00393-RDP

MARISOL MELO PENALOZA,
ANA GREGORIA PALOMI ROMERO,
LUZ MARINA CASTILLO MANJARRES,
MILAGRO BOLANO MARQUEZ,
MARIA OTILIA AGUIRRE BALLESTEROS,
AMINTA DOMITILA LAZCAN JUNCO,
JUANA MARIA CONTRERAS DE LOPEZ,
HILDEMARO MELGAREJO MOLINA,
YOLANDA DEL CARMEN SANT OSSA,
CLAUDINA ROSA OROZCO,
FATINIZA ISABEL GUTIERRE BUELVAS,
CARLOS ENRIQUE CARBONO AZUAGA,
MARTHA JOSEFA HERNANDE MARTINEZ,
LUZLENID SILVA MUNOZ,
FRANCIA COLL DE TOVAR,
DOMINGA GUTIERREZ CABALLERO,
JUAN MARIA CONTERERA DE LOPEZ,
MARIA FELICIA MEZA GARCIA,
EVERELY PALOMINO VANEGAS,
GINA PAOLA SANTANA GUTIERREZ,
ADELAIDA ISABEL DE LA ROSA RODRIGUEZ,
C.N.G.R.,
HERMELINDA SARMIENTO DE LA CRUZ,
ANA VIRGINIA OCHOA NAVARRO,
ANA CECILIA PASTOR BARRIOS,
EDYS CORREA CERVANTES,
MANUEL GREGORIO TAPIA VEGA,

ARMANDO RAFAEL CANDANOZ GUZMAN,
LUZ MARINA ANAYA ROYERO,
N.S.M.A.,
MARIA SUREYA SUESCUN BOTELLO,
EDILMA ISABEL TORRES OZUNA,
ALBA LUZ CABALLERO GOMEZ,
AMPARO DE JESUS FLOREZ TORRES,
J.A.G.F.,
LUZ MARINA PACHECO CANTILLO,
MERILSA FRANCISCA DAZA AMAYA,
JHON ALFER PADILLA DAZA,
MARCOS JOSE PADILLA DAZA,
GICELA MARGARITA PADIL DAZA,
ADRIANA CRISTINA PADILL DAZA,
YARLENYS ROSMIRA PADILLA DAZA,
CARMEN INELMA,
ALFREDO CAMPO MEDINA,
ANA CRISTINA CAMPO MEDINA,
ISABEL MARIA LAZCANO DE CALDERON,

                                                    Plaintiffs - Appellants,


versus


DRUMMOND COMPANY, INC.,
DRUMMOND LTD.,
DRUMMOND USA, INC.,
GARRY DRUMMOND,
JAMES MICHAEL TRACY,

                                                    Defendants - Appellees.

                     _____

              Appeal from the United States District Court
                for the Northern District of Alabama
                     _____

                       (September 27, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

This appeal arises out of the fourth of four actions brought in the Northern District of Alabama by Colombian plaintiffs as legal representatives or wrongful death beneficiaries of decedents allegedly executed by members of the United Self Defense Forces of Colombia (AUC), a right-wing paramilitary group, during a period of heightened conflict between the AUC and the Revolutionary Armed Forces of Colombia (FARC), a left-wing guerilla group. In this action, the Plaintiffs sue Drummond Co., Inc. (Drummond), two Drummond subsidiaries, and two Drummond executives, Garry Drummond and James Michael Tracy, under the Alien Tort Statute (ATS), 28 U.S.C. § 1350 (Counts One and Two), the Torture Victims Protection Act (TVPA), 106 Stat. 73, codified at 28 U.S.C. § 1350 note (Count Three), and Colombian wrongful death law (Count Four). The Plaintiffs allege that the Defendants provided substantial financial assistance to the Northern Block of the AUC in return for protection of Drummond's Colombian assets and operations. The Defendants' financial assistance allegedly enabled the Northern Block to dramatically increase its presence in the Colombian provinces of Cesar and Magdalena. Each of the decedents was allegedly executed by the AUC in an extrajudicial killing. The Plaintiffs premise the Defendants' liability on theories of agency, aiding and abetting, and conspiracy.

3

After this Court affirmed dismissals and summary judgment in two of the related cases, *Doe v. Drummond Co.*, 782 F.3d 576 (11th Cir. 2015) and *Baloco v. Drummond Co.*, 767 F.3d 1229 (11th Cir. 2014) ("*Baloco II*"), the district court ordered the parties to show cause why this case should not be dismissed on the authority of this Court's recent decisions. The parties briefed numerous issues arising out of *Doe* and *Baloco II* as well as issues unique to this case. On January 26, 2016, the district court dismissed with prejudice all of the Plaintiffs' claims. The district court did not elaborate upon the grounds for dismissal other than to state that the dismissal was "[b]ased on the decisions entered by this court and the Eleventh Circuit in [*Doe* and *Baloco II*]." After review, we affirm in part, reverse in part, vacate in part, and remand in part with instructions.

## I. BACKGROUND

In 2003 and 2004, a Colombian union and the families of three deceased Colombian union leaders sued Drummond, Drummond Ltd., Garry Drummond, and Augusto Jimenez in several separate actions. The plaintiffs claimed that the defendants employed or contracted with paramilitary members to murder, torture, and otherwise silence union leaders, including the decedent union leaders, in violation of the ATS, the TVPA, and Colombian wrongful death law. The district court consolidated the actions in 2004. In 2006, the plaintiffs voluntarily dismissed with prejudice their claims against Garry Drummond. In 2007, after

4

pre-trial orders narrowed the issues, the case proceeded to trial on the plaintiffs'

claims under the ATS.  The jury rendered a verdict for the defense, and this Court

affirmed in *Romero v. Drummond Co.*, 552 F.3d 1303 (11th Cir. 2008).

In March 2009, the children and heirs of the same three union leaders whose

deaths were the subject of *Romero* sued Drummond, Drummond Ltd., Jimenez,

Tracy, Alfredo Araujo, and James Adkins.  The plaintiffs alleged that the

defendants aided and abetted or conspired with the AUC by funding its operations

and collaborated with the AUC to murder the plaintiffs' decedents in violation of

the ATS, the TVPA, and Colombian wrongful death law.  The district court

dismissed five of the eight plaintiffs on *res judicata* grounds, finding that the

plaintiffs were parties to *Romero* under "Jane Doe" pseudonyms.  The district court

also dismissed the ATS and TVPA claims for lack of standing and declined to

exercise its supplemental jurisdiction over the wrongful death claims.  This Court

reversed, holding that the plaintiffs had standing and that the *res judicata*

determination was premature at the motion-to-dismiss stage.  *Baloco ex rel. Tapia*

*v. Drummond Co.*, 640 F.3d 1338, 1345, 1350–51 (11th Cir. 2011) ("*Baloco I*").

On remand, the district court conducted further proceedings and ultimately granted

the defendants' motion for summary judgment on *res judicata* grounds.  This Court

affirmed, finding that (1) under *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct.

1659 (2013), the district court lacked subject matter jurisdiction to consider the

plaintiffs' ATS claims and (2) the district court correctly determined that *res judicata* barred the plaintiffs' remaining claims. *Baloco II*, 767 F.3d at 1239, 1247–48, 1251.

In May 2009, just two months after the *Baloco* litigation commenced, the legal heirs of 144 decedents sued Drummond, Drummond Ltd., Jimenez, Araujo, and Adkins. As with each preceding action, the plaintiffs sought relief under the ATS, the TVPA, and Colombian wrongful death law. As with the present action, the plaintiffs alleged that the defendants financed the Northern Block of the AUC, members of which killed each decedent in violation of the law of nations. Early in the litigation, the district court declined to exercise supplemental jurisdiction over the wrongful death claims. Upon the defendants' motions for summary judgment, the district court dismissed the ATS claims based on *Kiobel*, dismissed the TVPA claims against corporate defendants based on *Mohammad v. Palestinian Authority*, 132 S. Ct. 1702 (2012), and granted summary judgment in favor of the individual defendants on the TVPA claims. This Court affirmed in *Doe v. Drummond Co.*, 782 F.3d 576 (11th Cir. 2015).

In February 2013, the Plaintiffs, legal representatives or wrongful death beneficiaries of 34 decedents, commenced the present action against Drummond, Drummond Ltd., Drummond USA, Inc., Garry Drummond, and Tracy. The Supreme Court decided *Kiobel* on April 17, 2013, and the Plaintiffs filed an

6

amended complaint nine days later. In February 2014, with the parties' consent, the district court stayed this action pending this Court's resolution of *Baloco II* and *Doe*. Due to the stay, the district court administratively denied without prejudice the Defendants' pending motion to dismiss, to which the Plaintiffs had responded.

In April 2015, upon this Court's deciding *Doe*, the district court ordered the parties to show cause why this action should not be dismissed in light of *Baloco II* and *Doe*. The Defendants argued that (1) this Court's decisions in *Baloco II* and *Doe* foreclosed any argument that the Plaintiffs had invoked the district court's subject matter jurisdiction as to the ATS claims, (2) the Plaintiffs failed to state a claim under *Doe*'s articulation of the standard for indirect liability under the TVPA, and (3) the Plaintiffs' wrongful death claims are barred by the Alabama statute of limitations. The Plaintiffs responded to the show-cause order, arguing that (1) the district court should permit them to conduct discovery on the issue of U.S.-based conduct, (2) because *Baloco II* and *Doe* were decided at summary judgment, the decisions did not impact the Plaintiffs' TVPA claims against Garry Drummond and Tracy, and (3) neither *Baloco II* nor *Doe* affected the Plaintiffs' wrongful death claims, which, unlike those in *Baloco* and *Doe*, were premised on diversity jurisdiction. Because of the timing of the show-cause order, neither party had the opportunity to respond to the other's argument.

7

On January 26, 2016, the district court dismissed with prejudice all of the Plaintiffs' claims. The district court did not explain the basis for its dismissal other than to reference *Baloco II*, *Doe*, and the district court's previous decisions. On January 29, 2016, the district court issued an amended order, the pertinent language of which was identical to the January 26 order. The Plaintiffs appeal.

## II.  STANDARD OF REVIEW

We review *de novo* a district court's dismissal with prejudice, applying the same standards used by the district court. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008). We likewise review *de novo* a district court's determination of its subject matter jurisdiction. *Chhetri v. United States*, 823 F.3d 577, 582 (11th Cir. 2016). We review for abuse of discretion, however, a district court's case management decisions, such as the denial of a request for jurisdictional discovery and the denial of a request for leave to amend a complaint. *See Culverhouse v. Paulson & Co.*, 813 F.3d 991, 993 (11th Cir. 2016).

## III.  DISCUSSION

### A.  Counts One and Two:  ATS

Under *Kiobel*, a federal court's jurisdiction under the ATS is subject to the presumption against extraterritoriality. 133 S. Ct. at 1664. A federal court lacks jurisdiction over an ATS claim with an extraterritorial component unless the claim "touch[es] and concern[s] the territory of the United States . . . with sufficient force

8

to displace the presumption." *Id.* at 1669. *Baloco II* addressed and *Doe* elaborated upon the standard for extraterritorial application of the ATS. *Baloco II* emphasized that, to invoke subject matter jurisdiction under the ATS, the claims must "touch and concern" the territory of the United States and must allege conduct "focused in the United States." 767 F.3d at 1239. *Doe* construed *Kiobel* and *Baloco II*, among other ATS cases, to hold that "claims will only *displace* the presumption against extraterritoriality if enough of the relevant conduct occurs domestically and if the allegations of domestic conduct are supported by a minimum factual predicate." *Doe*, 782 F.3d at 598 (emphasis in original).

Both *Baloco II* and *Doe* held that the plaintiffs' allegations failed to overcome the presumption against extraterritoriality and that the plaintiffs had therefore failed to invoke federal court subject matter jurisdiction under the ATS. *See Doe*, 782 F.3d at 600; *Baloco II*, 767 F.3d at 1239. As the Plaintiffs concede, the operative complaint in this action is nearly identical in pertinent part to the complaint deemed insufficient in *Doe*. Absent any meritorious distinction, we must conclude in accordance with *Doe* that the Plaintiffs fail to invoke the district court's subject matter jurisdiction under the ATS. Therefore, the district court appropriately dismissed Counts One and Two on the authority of *Baloco II* and *Doe*.

9

On appeal, the Plaintiffs focus their argument not on the merits of the dismissal but on the district court's implicit denial of the Plaintiffs' request for discovery on the Defendants' U.S.-based conduct. But the Plaintiffs have identified no reason to conclude that the district court abused its discretion in declining to permit jurisdictional discovery. Counsel for the Plaintiffs first sued three of the five Defendants in 2003 on similar allegations and identical legal bases. The Plaintiffs filed the operative complaint after *Kiobel* was decided and with the benefit of ten years of evidence obtained from the preceding related cases. The Plaintiffs therefore had ample opportunity to plead allegations that "touch[ed] and concern[ed] the territory of the United States." *Kiobel*, 133 S. Ct. at 1669. Given the tremendous volume of information available to the Plaintiffs, it is telling that the operative complaint continues to plead sparse allegations of U.S.-based conduct and that the Plaintiffs fail to offer any indication that they could in good faith plead additional U.S.-based conduct. Under these circumstances, the district court did not abuse its discretion by implicitly declining to permit jurisdictional discovery. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.").

10

The district court did err, however, in dismissing *with prejudice* the Plaintiffs' ATS claims.  The ATS is a jurisdictional statute.[1]  Because the presumption against extraterritoriality limits the scope of the ATS's jurisdictional reach, a dismissal for failure to rebut the presumption is a dismissal for failure to invoke the district court's subject matter jurisdiction.  *Baloco II*, 767 F.3d at 1239 (dismissing the plaintiffs' ATS claims for failure to overcome the presumption against extraterritoriality and describing dismissal as "without prejudice . . . for lack of subject matter jurisdiction").  Thus, while the district court may in its discretion deny the Plaintiffs another opportunity to plead federal court subject matter jurisdiction, the district court may not otherwise prejudice the Plaintiffs' rights with respect to claims over which it lacks jurisdiction.  *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–1235 (11th Cir. 2008) ("[T]he district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits.  Consequently, the district court should have dismissed the complaint without prejudice, and we remand in part so that the district court can reenter its dismissal order without prejudice." (citation omitted)).  Therefore, the district court's dismissal of the ATS claims, while proper, should not have been characterized as a dismissal *with*

---

[1] While we refer to Counts One and Two as "ATS claims," they are more appropriately described as claims under the law of nations over which a federal court may have subject matter jurisdiction under the ATS.

11

*prejudice*.  We reverse the district court's dismissal with prejudice of Counts One and Two and remand with instructions to dismiss without prejudice Counts One and Two.

## B.  Count Three:  TVPA

We first note that the Plaintiffs challenge the district court's dismissal of Count Three only as it relates to Defendants Garry Drummond and James Michael Tracy.  Because the Plaintiffs have waived any challenge to the district court's dismissal with prejudice of Count Three as to the three corporate defendants, we affirm that aspect of the district court's order without further discussion.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *cf. also Doe*, 782 F.3d at 602 n.36 ("The TVPA does not authorize liability against corporate entities.").  We now proceed to discuss the Plaintiffs' TVPA claims against Garry Drummond and Tracy.

*Baloco II* held that claims preclusion and issue preclusion barred the plaintiffs' TVPA claims.  767 F.3d at 1248, 1251.  The *Baloco* plaintiffs had a substantive legal relationship with the *Romero* plaintiffs, and the issues and claims were identical in the two actions.  *See generally id*.  This action, while similar, involves distinct plaintiffs and distinct claims.  Neither before the district court nor on appeal do the Defendants argue that this case is barred by *res judicata*.

12

Therefore, *Baloco II* does not appear to be the basis upon which the district court dismissed with prejudice Count Three.

*Doe* held that the plaintiffs failed to establish a genuine dispute of material fact supporting their theories that the individual defendants were indirectly liable for the AUC's alleged extrajudicial killings. 782 F.3d at 604. Specifically, this Court found no genuine dispute of fact regarding (1) the individual defendants' knowledge of Drummond's payments to the AUC; (2) the individual defendants' knowledge that the AUC was murdering noncombatants along rail lines; or (3) the individual defendants *de facto* or *de jure* authority or control over the actors who committed extrajudicial killings. *Id.* at 604–05, 610 n.48. The absence of evidence supporting (1) and (2) precluded an aiding and abetting theory of liability, and the absence of evidence supporting (3) precluded a command responsibility theory of liability. *See id.* at 608, 610.

When the district court dismissed this case, discovery had not commenced, and there was no pending motion for summary judgment. Before the stay, the district court had before it the Defendants' motions to dismiss, which the district court administratively terminated without prejudice in light of the stay. In the district court's post-stay show-cause order, the district court did not notify the parties that it intended to consider matters outside the pleadings other than this Court's published decisions in *Baloco II* and *Doe*. *See* Fed. R. Civ. P. 12(d) (If a

13

district court intends to treat a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Therefore, the district court could not have based its dismissal of Count Three on the absence of a genuine dispute of material fact.

Because the district court could not have based its dismissal of Count Three on the holdings of *Baloco II* and *Doe*, we are left rudderless on appeal. The Defendants argued both before the district court and on appeal that, given *Doe*'s extensive discussion of the standard for aiding and abetting liability and command responsibility doctrine liability under the TVPA, *Doe* supports dismissal of Count Three for failure to state a claim. While this may be so, the district court failed to discuss this issue at all.

We have the discretion to affirm an order of the district court on any grounds supported by the record but may "decline to do so when appellate review would benefit from reasoned deliberation by the district court." *Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291, 1306 n.15 (11th Cir. 2010)

14

(citations omitted).  Here, where the 112-page, 210-paragraph operative complaint alleges wrongful conduct by five defendants (and numerous non-parties) resulting in the extrajudicial killing of 34 people, we decline to consider in the first instance whether the complaint states a claim for two defendants' indirect liability.  The initial resolution of that issue is better left to the district court, which has grown intimately familiar with the allegations in this case.[2]

We therefore vacate the district court's dismissal of Count Three (except as to the corporate defendants) and remand with instructions for the district court to either permit the Plaintiffs to proceed against the individual Defendants on Count Three or to reinstate the dismissal along with an articulation of the basis and reasoning for the dismissal.

## C.  Count Four: Wrongful Death

As in this case, both *Baloco* and *Doe* included wrongful death claims under Colombian law.  In *Baloco* and *Doe*, however, the plaintiffs, all Colombian citizens, sued several American defendants and Jimenez, a Colombian citizen.  The wrongful death claims were therefore premised upon supplemental jurisdiction.  In *Doe*, the district court declined to exercise supplemental jurisdiction over the wrongful death claims and declined the plaintiffs' post-judgment motion to amend

---

[2] We acknowledge that the district court may consider itself to have already decided this issue on the Defendants' proffered basis, and we do not intend to suggest that the district court erred on the merits or is generally obligated to state the reasons for its decision.  In this case, however, "appellate review would benefit from reasoned deliberation by the district court." *Palmyra Park Hosp. Inc.*, 604 F.3d at 1306 n.15.

15

the complaint to create complete diversity. *See Doe*, 782 F.3d at 581. This Court found no abuse of discretion in the district court's decision. *Id.* at 613. *Baloco II* likewise affirmed the *res judicata* holding as to the plaintiffs' wrongful death claims. 767 F.3d at 1252.

In this action, because *res judicata* does not apply and the Plaintiffs' wrongful death claims are premised on mandatory diversity jurisdiction neither *Baloco II* nor *Doe* support the district court's dismissal with prejudice of Count Four. Before both the district court and this Court, the Defendants argued not that *Baloco II* or *Doe* mandate dismissal of Count Four but that the Alabama statute of limitations bars Count Four. The Plaintiff countered that the Colombian statute of limitations applies and that the Plaintiffs are in any event entitled to equitable tolling due to the Colombian political environment and Drummond's alleged concealment.

As with Count Three, the Defendants argue a plausible basis to affirm. As with Count Three, it is unclear whether the district court dismissed on the Defendants' articulated basis. As with Count Three, we decline to address this complicated issue in the first instance on appeal. *See Palmyra Park Hosp. Inc.*, 604 F.3d at 1306 n.15.

We therefore vacate the district court's dismissal of Count Four and remand with instructions for the district court to either permit the Plaintiffs to proceed on

16

this count or to reinstate the dismissal along with an articulation of the basis and reasoning for the dismissal.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal with prejudice of Count Three as to Defendants Drummond Co., Inc., Drummond Ltd., and Drummond USA, Inc.  We reverse the district court's dismissal with prejudice of Counts One and Two and remand with instructions for the district court to dismiss Counts One and Two without prejudice.  We vacate the district court's dismissal with prejudice of Count Four and of the remaining portions of Count Three and remand with instructions for the district court to either proceed with the litigation as to those claims or to reinstate the dismissal and articulate the basis and reasoning for the dismissal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED IN PART WITH INSTRUCTIONS.**

17