[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13552

Non-Argument Calendar

_____

BOCK HOLDINGS, LLC,
CINDY MILLER,
GARY MILLER,
VICKI GLAESNER,
RICHARD REIKENIS, et al.,

                                        Plaintiffs-Appellants,

*versus*

REPUBLIC OF HONDURAS,
NATIONAL AGRARIAN INSTITUTE OF HONDURAS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81781-AHS

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Bock Holdings LLC, an American limited liability company, and its fourteen United States citizen members[1] initiated this lawsuit against the National Agrarian Institute of Honduras ("INA") and the Republic of Honduras[2] under the expropriation exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(3). The district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, and denied the plaintiffs' motion to reconsider that ruling, because it concluded that the domestic takings rule prevents the defendants from losing their sovereign immunity for the purposes of this dispute. We affirm.

In 2006, plaintiffs invested in oceanfront real estate in Honduras with the intention of developing the land into "an environmentally friendly resort village with the amenities of a renowned international hotel." Honduran law, however, prohibits foreigners from owning oceanfront property in the country, so

---

[1] Collectively, "plaintiffs."

[2] Collectively, "defendants."

plaintiffs created a Honduran holding company—Desarollos Turisticos Bock de Honduras, S.A. ("Bock de Honduras")—to purchase and retain title to the land. Bock de Honduras is completely owned and controlled by Bock Holdings LLC.

In 2010, the Honduran regime forcefully expropriated plaintiffs' land under the guise of agricultural reform without compensating them for their loss. The Supreme Court of Honduras declared this taking to be unconstitutional, and the INA ruled that the land was wrongfully expropriated, but the executive authorities in Honduras have nevertheless refused to comply with the mandate to annul the expropriated title and restore the land to its rightful owners. Plaintiffs sued under the FSIA to obtain compensation for this illegal seizure of their property.

The FSIA provides that a foreign state or its instrumentality "shall be immune from the jurisdiction of the courts of the United States" unless an enumerated exception applies. 28 U.S.C. § 1604. One such exception, known as the "expropriation exception," provides that a foreign state shall not be immune in any case "in which rights in property taken in violation of international law are in issue" and where the property has a sufficient commercial nexus to the United States. 28 U.S.C. § 1605(a)(3); *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 173 (2017). The burden is on the plaintiffs to overcome the presumption of foreign state immunity by producing evidence of "a legally valid claim that a certain kind of right is at issue (*property* rights) and that the relevant property was taken in a certain way (in

4                    Opinion of the Court                    23-13552

violation of international law)." *Helmerich*, 581 U.S. at 174; *see also Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312–13 (11th Cir. 2009).

A plaintiff can show that property was taken in violation of international law "(1) when it does not serve a public purpose; (2) when it discriminates against those who are not nationals of the country; or (3) when it is not accompanied by provision for just compensation." *Comparelli v. Republica Bolivariana De Venezuela*, 891 F.3d 1311, 1326 (11th Cir. 2018). But there is one crucial limitation on the scope of international law: "As a rule, when a foreign nation confiscates the property of its own nationals, it does not implicate principles of international law." *Id.* at 1320 (quotation omitted). "At their core, such claims simply are not international." *Id.* (quotation omitted).

This so-called domestic takings rule resolves the present dispute. Because the property allegedly taken by Honduras belonged to Bock de Honduras—a Honduran company—there has been no violation of international law, and the FSIA's expropriation exception simply cannot apply. *See id.*; *see also Fed. Republic of Germany v. Philipp*, 592 U.S. 169, 187 (2021). That the American plaintiffs were the ultimate beneficial owners of that property does not change the fact that they were not the titular owners. When applying the FSIA, we must follow the "basic tenet of American corporate law" that "the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003). We therefore decline the plaintiffs' invitation to ignore the corporate form and treat the property at issue here (an asset owned

23-13552                Opinion of the Court                        5

by Bock de Honduras) as an asset owned by its sole shareholder (Bock Holdings LLC), or by the shareholders of that shareholder (the fourteen named plaintiffs here).[3]  *Id.* at 475.

★    ★    ★

Plaintiffs formed Bock de Honduras specifically to acquire what they otherwise could not: oceanfront property in Honduras. They cannot now disclaim that Honduran identity because the operation of law no longer benefits them.  The district court did not err by granting the defendants' motion to dismiss the complaint, nor in denying the plaintiffs' motion for reconsideration.  Accordingly, the well-reasoned orders of the district court are **AFFIRMED**.

---

[3] Plaintiffs argue in the alternative that the Dominican Republic-Central American-United States Free Trade Agreement provides a separate basis for holding the defendants liable for their allegedly unlawful expropriation.  *See* 19 U.S.C. § 4001 *et seq.*  But the Court has emphasized that the FSIA is "the sole basis for obtaining jurisdiction over a foreign state in the courts of this country."  *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 30 (2015) (quotation omitted).  And Congress has also expressly foreclosed plaintiffs' argument, stating that no provision of this trade agreement "which is inconsistent with any law of the United States shall have effect."  19 U.S.C. § 4012(a)(1).  So to the extent that the provisions of the Agreement and the FSIA conflict, the FSIA controls.